


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
MARK PETERSON,

                                        Plaintiff,

                    -against-

BIG LOTS STORES, INC.

                                        Defendant.
-----------------------------------------------------------------X
To the above named Defendant:

Index No.: 6011694 2017
Date Purchased: 1/24/17

Plaintiff designates
SUFFOLK County as
the place of trial.

The basis of venue is
Plaintiff's Place of Residence

**SUMMONS**
Plaintiff Resides at
104 Frederick Avenue
Babylon, New York 11702

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s), pursuant to CPLR 320, within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Lake Success, New York
        January 27, 2017

Yours, etc.,

BY: STEPHEN B. TIGER, ESQ.
LAW OFFICE OF COHEN & JAFFE, LLP
*Attorneys for Plaintiff*
*Mark Peterson*
2001 Marcus Avenue, Suite W295
Lake Success, New York 11042
Telephone: (516) 358-6900
www.CohenJaffe.com

TO:    BIG LOTS STORES, INC.
       300 Phillipi Road
       Columbus, OH 43228
       *Via New York Secretary of State*

***Please forward a copy of these papers to your insurance company***




SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X

MARK PETERSON,

                            Plaintiff,

             -against-

BIG LOTS STORES, INC.,

                            Defendant.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 601694/2017

Plaintiff Demands a
Trial by Jury

Plaintiff, MARK PETERSON, by his attorneys, LAW OFFICE OF COHEN & JAFFE, LLP,

as and for his verified complaint, upon information and belief, complains of the defendant as

follows:

## THE PARTIES

1) At all times hereinafter mentioned, plaintiff, MARK PETERSON, was and still is a

resident of the County of Suffolk, State of New York.

2) That at all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC.,

was a domestic corporation organized and existing the under the laws of the State of

New York.

3) That at all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC.,

was a foreign corporation duly licensed to do business under the laws of the State of

New York.

4) At all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC.,

transacted business within the State of New York; regularly did or solicited business

within the State of New York or engaged in other persistent courses, conduct and/or



derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

5) That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

6) The plaintiff repeats, reiterates and realleges each and every paragraph numbered "1" through "5" inclusive with the same force and effect as if said paragraphs were more fully set forth at length herein.

7) At all times hereinafter mentioned, defendant, BIG LOTS STORES, INC., was the owner of the premises known as 501 West Montauk Highway, West Babylon, County of Suffolk, State of New York, hereinafter the "subject premises".

8) At all times hereinafter mentioned, defendant, BIG LOTS STORES, INC., was the lessee of the subject premises.

9) At all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC., its agents, servants and/or employees operated the subject premises.

10) At all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC., its agents, servants and/or employees managed the subject premises.

11) At all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC., its agents, servants and/or employees maintained the subject premises.

12) At all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC., its agents, servants and/or employees controlled the subject premises.



13)     At all times hereinafter mentioned, the defendant, BIG LOTS STORES, INC., its agents, servants and/or employees was responsible for the inspection and maintenance of the aforesaid premises.

14)     At all times hereinafter mentioned, it was the duty of the defendant, BIG LOTS STORES, INC., its agents, servants and/or employees to maintain the subject premises in a reasonably safe condition thereat.

15)     On June 6, 2015, the plaintiff, MARK PETERSON, was lawfully at the aforesaid premises.

16)     At the aforesaid time and place, plaintiff, MARK PETERSON, was caused to sustain serious personal injuries due a glass patio table which was unsafely, dangerously and hazardously placed up against a third row register causing said table to propel onto plaintiff, MARK PETERSON.

17)     Said condition was caused and allowed to exist due to the negligence of the Defendant BIG LOTS STORES, INC., their agents, servants and/or employees in their operation, management, maintenance and control of said premises; in causing and creating said defective, dangerous and hazardous condition; in failing to provide for the safety of those entering upon the premises; in failing to inspect and maintain said premises; in failing to provide for a safe and proper passage for pedestrians upon the premises; and in otherwise being negligent.

18)     As a result of the foregoing, plaintiff, MARK PETERSON, has been injured in an amount that exceeds the jurisdictional limit of all lower courts which might otherwise have jurisdiction over this matter.



**WHEREFORE**, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limit of all lower courts which might otherwise have jurisdiction over this matter, together with the interest, costs and disbursements of this action and for such other further and different relief as the court deems is just and proper.

Dated: Lake Success, New York
         January 27, 2017

Yours, etc.,

STEPHEN B. TIGER, ESQ.
LAW OFFICE OF COHEN & JAFFE, LLP
*Attorneys for Plaintiff*
*Mark Peterson*
2001 Marcus Avenue, Suite W295
Lake Success, New York 11042
Telephone: (516) 358-6900
www.CohenJaffe.com



## ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that:

I am the attorney of record for the plaintiff in the within action; I have read the foregoing Verified Summons and Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged at information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conversations with my client and information gathered in my file.

Dated: Lake Success, New York
      January 27, 2017

STEPHEN B. TIGER, ESQ.